# IN THE COURT OF APPEALS OF IOWA

No. 24-2058
Filed October 1, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOVONTE ERIC WASHINGTON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Elizabeth Dupuich, Judge.

        A defendant appeals his sentence for second-degree theft.  **AFFIRMED.**

        Webb L. Wassmer of Wassmer Law Office, PLC, Marion, for appellant.

        Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

        Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ.

**LANGHOLZ, Judge.**

Jovonte Washington stole a car while its driver briefly left it running and unlocked to retrieve a forgotten wallet. Washington was arrested for this crime and eventually pleaded guilty to second-degree theft in violation of Iowa Code sections 714.1 and 714.2(2) (2024). At sentencing—consistent with the recommendation in the presentence investigation report—Washington argued that he should receive a suspended prison sentence and be placed on probation. But the district court agreed with the State and imposed a five-year indeterminate prison sentence. On appeal, Washington argues that the court abused its discretion in selecting this sentence. Yet we see no abuse of the district court's considerable sentencing discretion and thus affirm Washington's sentence.

We review a district court's discretionary sentencing decisions for an abuse of discretion. *See State v. Gordon*, 998 N.W.2d 859, 862 (Iowa 2023). This deferential standard of review recognizes that the court's decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). And even when the court would have been justified in imposing the sentence sought by the defendant, "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725. So it is not enough that the defendant disagrees with the court's weighing of the sentencing factors and the sentence ultimately selected. *See Gordon*, 998 N.W.2d at 863 ("The test for whether a sentencing court abused its discretion is not whether we might have weighed the various factors differently."); *see also* Iowa Code § 901.5.

Washington argues that the district court abused its discretion mainly because one of its reasons for selecting the prison sentence rather than a suspended sentence and probation was that Washington's "prior performance on probation has been poor" resulting in "a deferred judgment [being] revoked." According to Washington, the court should not have given this fact much weight because the court "did not have before it any reasons why the deferred judgment was revoked" and the circumstances of the revocation suggest "that any violation of probation was not particularly severe." But it was not unreasonable or untenable for the court to consider the revocation of Washington's past deferred judgment in assessing the appropriateness of probation here—regardless of the severity of his conduct resulting in that revocation.

What's more, the revocation of the deferred judgment was not the only factor considered by the district court in selecting the five-year prison sentence and deciding not to suspend the sentence. The court also considered Washington's "robust criminal history"—even while only in his late twenties—which included several other past criminal convictions—including operating-while-intoxicated and eluding convictions that arose from the circumstances of his arrest for this offense while he was driving the stolen car.

At bottom, Washington merely asks us to reweigh the sentencing factors and exercise our own judgment of an appropriate sentence. But that is not our proper role on appeal. *See Gordon*, 998 N.W.2d at 863. Seeing no abuse of discretion in the district court's exercise of its sentencing judgment, we affirm Washington's sentence.

**AFFIRMED.**